USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2307 MICHAEL A. GUGLIELMO, Plaintiff, Appellant, v. NEW HAMPSHIRE STATE PRISON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Michael A. Guglielmo on brief pro se. ____________________ ____________________ April 25, 1997 ____________________ Per Curiam. Upon careful review of the record and ___________ appellant's brief, we perceive no error in the district court's dismissal of this case. We reach this conclusion essentially for the reasons stated in the magistrate judge's report and recommendation dated August 26, 1996. We add only these comments. 1. The constitutionality of the "cost of care" reimbursement provision, N.H. Rev. Stat. Ann. 622:53-58 (Supp. 1995), is not fit for review at this time and better may be evaluated in the context of a live case. See Ernst & ___ _______ Young v. Depositors Economic Protection Corp., 45 F.3d 530, _____ ____________________________________ 538 (1st Cir. 1995) ("[The] claim lacks the needed dimensions of immediacy and reality. The challenge is not rooted in the present, but depends on a lengthy chain of speculation as to what the future has in store."). 2. The medical co-payment and litigation fee provisions, N.H. Rev. Stat. Ann. 622:31-a & 623-B:1-3 (Supp. 1995), are alterations in the prevailing legal and administrative regime, rather than increases in the measure of punishment. Therefore, those provisions are not penal laws violative of the Ex Post Facto clause, U.S. Const. art. 1 10. See California Department of Corrections v. Morales, ___ ____________________________________ _______ 115 S.Ct. 1597, 1603 n.6 (1995); Dominique v. Weld, 73 F.3d _________ ____ 1156, 1163 (1st Cir. 1996); Jones v. Murray, 962 F.2d 302, _____ ______ 309 (4th Cir. 1992) ("It is precisely because reasonable -2- prison regulations . . . are contemplated as part of the sentence of every prisoner, that they do not constitute additional punishment and are not classified as ex post facto."). We are unswayed by the distinction appellant attempts to draw between "positive" laws and "regulations" or "policies." 3. We reject appellant's contention that the litigation fee provisions violate his right of access to the courts. See Lewis v. Casey, 116 S.Ct. 2174, 2180-82 (1996) ___ _____ _____ (to show a violation, the litigant must show "actual injury" such that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented); N.H. Rev. Stat. Ann. 623-B:1(IV) ("Nothing in this section shall prohibit an inmate from filing a civil action or proceeding if the inmate is indigent.").  4. We decline to comment further on appellant's undeveloped arguments that the medical co-payment and litigation fee provisions violate double jeopardy and equal protection. Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-